IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT CASH and GLADYS CASH,<br>     Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br>     Defendant. | 1:15-cv-2439<br><br>Hon. John E. Jones III |

## **MEMORANDUM**

**March 20, 2019**

This matter involves a constitutional challenge to penalty payments under the individual mandate provision of the Affordable Care Act ("ACA") that were deducted from tax refunds of Plaintiffs, Robert Cash and Gladys Cash ("Plaintiffs") beginning in 2014.[1] Before the Court is the Report and Recommendation, (Doc. 49), of United States Magistrate Judge Joseph F. Saporito, Jr., recommending the following:

1. Dismissal without prejudice of Plaintiffs' claims respecting tax years 2016 and 2017 for lack of subject matter jurisdiction;

---

[1] We note that this action returns to us on remand from the Third Circuit. On February 1, 2017, we adopted the Report and Recommendation of the Magistrate Judge, dismissing Plaintiffs' Complaint for lack of subject matter jurisdiction. The issue at that time was whether Plaintiffs had used the proper IRS form to request the additional refund. Finding that Plaintiffs had, in fact, used the incorrect form, the Magistrate Judge determined that Plaintiffs had not complied with the required administrative remedies and, as such, the Court did not have jurisdiction. On appeal, the Third Circuit vacated our Order adopting the report and remanded the case for further proceedings, whereupon we again referred the matter to the Magistrate Judge.

1

2. Dismissal with prejudice of Plaintiffs' claims respecting tax years 2014 and 2015 for failure to state a claim upon which relief can be granted; and

3. Denial as moot of Plaintiffs' Motion for Summary Judgment motion.

Plaintiffs filed objections to all portions of Magistrate Judge's report, other than the portion pertaining to leave to amend.[2] The Government also filed a response to the report, withdrawing prior arguments related to Plaintiffs' claims under the Religious Freedom Restoration Act while presenting alternative arguments that allow for the same result. Thus, the Government, curiously, contends that the Magistrate Judge erred in agreeing with its arguments but suggests that the ultimate result should remain intact for other reasons. We address Plaintiffs arguments *seriatim*.

A. *Tax Years 2016 and 2017*

The Magistrate Judge found that the Court lacks subject matter jurisdiction over these claims because Plaintiffs brought them before the statutory waiting period had expired. The Internal Revenue Code requires that plaintiffs wait six

---

[2] Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. *Supinski v. United Parcel Serv.*, Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" *Id.* (citing *Shields v. Astrue*, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

months after filing a refund claim before filing suit, unless the Internal Revenue Service issues a response to the claim before six months expires. 26 U.S.C. § 6532(a)(1). This is jurisdictional. *See Becton Dickinson & Co. v. Wolckenhauer*, 215 F.3d 340, 352-53 (3d Cir. 2000). Importantly, Plaintiffs do not dispute that they filed suit for these claims before the six-month waiting period ended but argue that the claims should not be dismissed for equitable reasons, owing to "the unique circumstances of this case and the attending equitable interests of Plaintiffs to obtain full and complete relief of their claims." (Doc. 51 at 4). The waiting period, however, divests us of jurisdiction until either the IRS responds to the claim or six months expire. Furthermore, the claims process and the associated waiting period, help to ensure "an orderly administration of the revenue" and "allow the IRS to avoid unnecessary litigation by correcting conceded errors." *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7 (2008). We see no basis to find in favor of Plaintiffs on this point, and we will adopt this portion of the report accordingly.

 B. *Tax Years 2014 and 2015*

Regarding tax years 2014 and 2015, Plaintiffs argue in favor of granting their Motion for Summary Judgment[3] on the following constitutional and statutory

---

[3] Although Plaintiffs' objection argues for the granting of their summary judgment motion, the constitutional grounds they state were addressed in the report in the context of granting the Defendant's motion to dismiss. Nevertheless, the grounds are identical.

grounds: (1) Article I of the United States Constitution and the Sixteenth Amendment; (2) procedural and substantive due process under the Fifth Amendment; (3) unconstitutional taking under the Fifth Amendment and unreasonable seizure under the Fourth Amendment; (4) unconstitutional invasion of privacy; and (5) free exercise of religion and the Religious Freedom Restoration Act. We will address each argument individually.

### 1. *Article I and the Sixteenth Amendment*

The Plaintiffs first argue that the ACA violates the Origination Clause of Article I of the United States Constitution, which states that bills for raising revenue must start in the House of Representatives. U.S. Const. art. I, § 7, cl. 1. The ACA, Plaintiffs point out, originated in the Senate. As the Magistrate Judge correctly notes, however, the ACA was not a "Bill[] for raising revenue" that would be subject to the Origination Clause. Rather, the ACA was a bill to increase health insurance coverage and lower healthcare cost that "incidentally create[d] revenue." *See Sissel v. U.S. Dep't of Health & Hum. Serv.*, 760 F.3d 1, 7-10 (D.C. Cir. 2014) (quoting *Twin City Bank v. Nebeker*, 167 U.S. 196, 202 (1897)). Thus, the fact that the ACA originated in the Senate, rather than the House, is of no moment.

Plaintiffs' argument under the Sixteenth Amendment is really a challenge to the ACA as a valid exercise of Congress's taxing authority. The United States

4

Supreme Court, however, already foreclosed this argument. *See National Federation of Independent Business v. Sebelius* ("*NFIB*"), 567 U.S. 519 (2012). In *NFIB*, a Supreme Court majority found that the individual mandate payment is a penalty, statutorily, but may still be viewed as a tax for constitutional purposes. 567 U.S. at 564. The Court held that the penalty was a valid exercise of Congress's power to tax: "The Affordable Care Act's requirement that certain individuals pay a financial penalty for not obtaining health insurance may reasonably be characterized as a tax. Because the Constitution permits such a tax, it is not our role to forbid it, or to pass upon its wisdom or fairness." *Id.* at 574. Considering the clear language of the Supreme Court, we will not find otherwise here.

2.  *Fifth Amendment Due Process*

Plaintiffs' arguments related to their Fifth Amendment due process rights are devoid of any actual argument pertaining to due process. Plaintiffs, instead, take issue with the Supreme Court's decision in *NFIB* to uphold the penalty as a valid exercise of Congress's taxing power. The Magistrate Judge carefully discussed both substantive and procedural due process and found that Plaintiffs could not demonstrate a claim on either front. With no clarification from Plaintiffs as to how their substantive or procedural due process rights have been violated, we decline to find in their favor.

### 3. *Unconstitutional Taking and Unreasonable Seizure*

Plaintiffs' argument that the penalty constitutes an unconstitutional taking or an unreasonable seizure is rooted in their assertion that the penalty is not a constitutional tax. As already noted, though, the Supreme Court held that the penalty was a valid exercise of Congress's taxing authority. Plaintiffs appear to concede that a constitutionally authorized tax cannot constitute an unconstitutional taking. Furthermore, Plaintiffs make no additional argument that the penalty is an unreasonable seizure under the Fourth Amendment. Thus, we again see no basis to favor Plaintiffs on this point.

### 4. *Unconstitutional Invasion of Privacy*

Plaintiffs claim the individual mandate infringes on their right to privacy in health-related decisions. The Magistrate Judge correctly found that the ACA does not require anyone to divulge health-related information. Furthermore, as noted several times, the Supreme Court found that the penalty is a valid exercise of Congress's power to tax. Plaintiffs suggest that a tax deduction for those who opt to buy health insurance would be a less onerous means of achieving the goals of the ACA, but we fail to see how a tax deduction for a larger percentage of Americans is less onerous than a penalty for a smaller percentage of Americans. We therefore find Plaintiffs' arguments unavailing.

### 5. *Freedom of Religion & Religious Freedom Restoration Act*

Regarding Plaintiffs' First Amendment religious freedom claim, the Magistrate Judge carefully and cogently discussed that the ACA is a neutral law of general applicability that does not relieve Plaintiffs of obligations, even if those obligations incidentally impact their sincerely held religious beliefs. The ACA applies to everyone,

with some exemptions built in, and its impact on Plaintiffs' religious beliefs is incidental. Plaintiffs do not provide any compelling argument otherwise but instead appear to construe "general applicability" as "requiring universal application," which, they posit, is undercut by the allowance for exemptions. This is plainly a misreading of First Amendment jurisprudence. The Magistrate Judge's analysis is accurate that the ACA does not infringe on the First Amendment, and we adopt it here.

Finally, we turn now to Plaintiffs' claim under the Religious Freedom Restoration Act ("RFRA"). The Government argued, and continues to argue, that Plaintiffs' RFRA claim is barred because they did not pursue a RFRA argument in their refund claim with the IRS, only a First Amendment claim. The Magistrate Judge found that Plaintiffs' First Amendment claim was factually coextensive with the RFRA claim, and that the two legal theories were closely related enough that the RFRA claim was reasonably encompassed by the First Amendment claim. Thus, giving Plaintiffs some latitude because of their *pro se* status, the Magistrate Judge determined that the RFRA claim was not barred. We agree. Congress passed RFRA after the Supreme Court held that neutral laws of general applicability do not infringe on the First Amendment right to religious freedom. 42 U.S.C. § 2000bb(a)(4). In passing RFRA, Congress explicitly stated its purpose was "to restore the compelling interest test . . . and to guarantee its application in all cases where free exercise of religion is substantially burdened." *Id.* at § 2000bb(b)(1). Thus, it makes little sense to consider a claim that a law substantially burdens the free exercise of religion *only* under the First Amendment, *without* regard to RFRA. We therefore find

that Plaintiffs' First Amendment claim would reasonably prompt a strict scrutiny analysis under RFRA, as well.

The Magistrate Judge further found that the burden imposed on Plaintiffs was *de minimis*. Both Plaintiffs and the Government object to this finding. RFRA prohibits *substantial* burdens on the free exercise of religion absent a compelling governmental interest achieved by the least restrictive means. 42 U.S.C. § 2000bb-1(b). "[A] substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available . . . versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the Government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." *Real Alternatives, Inc. v. Sec'y Dep't of Health & Human Servs.*, 867 F.3d 338, 356 (3d Cir. 2017). Describing the thousands of dollars Plaintiffs have paid in ACA penalties since 2014 as *de minimis* may not be fair. However, that does not render the penalties substantially burdensome, either. Plaintiffs offer no indication that they are forced to decide between their religious beliefs and a benefit generally available. Moreover, Plaintiffs do not allege or otherwise show that the ACA penalty places a substantial burden on them to modify their religious conduct. As the Government indicates, the amount of the penalty would never exceed the "national average premium for qualified health plans which have a bronze level of coverage." 26 U.S.C. § 5000A(c)(1)(B). In other words, the cost of the penalty would not exceed the cost to obtain the required level of insurance. Plaintiffs do not indicate how this applies substantial pressure to forego their religious beliefs. Staying true to their religion and

avoiding health insurance would cost no more, and potentially cost less, than purchasing insurance at the expense of their religious beliefs. Thus, we agree with the Magistrate Judge that the ACA does not substantially burden Plaintiffs' freedom to exercise their religious beliefs.

    Upon consideration of the foregoing arguments, we will adopt the portion of the Magistrate Judge's report regarding the claims for tax years 2014 and 2015.

    A separate order will issue consistent with this memorandum.